UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTINA RYAN,

          Plaintiff,

v.

FORD NEXT LLC d/b/a SPIN,

          Defendant.

Case No. 24-CV-813-JPS

**ORDER**

**1.    INTRODUCTION**

Plaintiff Christina Ryan ("Plaintiff") proceeds in this action against Ford Next LLC doing business as Spin ("Defendant"). ECF No. 10 (amended complaint). Plaintiff asserts the following claims: strict liability for design defect, strict liability for failure to warn, and negligence. *Id.* at 6–10.

Defendant moves to dismiss all claims against it. ECF No. 16. The motion is fully briefed. ECF Nos. 17, 19, 21. The parties have also submitted jury instructions detailing the elements of the claims at issue, as required by the Court's pretrial procedures order. ECF No. 3 at 5; ECF No. 18. As explained herein, Defendant's motion to dismiss will be denied without prejudice, and this action will be stayed pending the outcome of Plaintiff's claim(s) in *In re Bird Global, Inc. et al.* (Bankr. S.D. Fla. No. 23-20514-CLC).

**2.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is one with "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Twombly*, 550 U.S. at 556.

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). At the motion to dismiss stage, the Court does not ask "did these things happen"; instead, "the proper question to ask is . . . '*could* these things have happened.'" *Olson*, 784 F.3d at 1099 (quoting *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)). In any event, the Court "need not accept as true 'legal conclusion[s, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of h[er] claim that would entitle h[er] to the relief

requested." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (quoting *R.J.R Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)).

### 3. RELEVANT ALLEGATIONS[1]

Plaintiff is a resident of Whitefish Bay, Wisconsin. Defendant is a Delaware corporation, whose sole member is Ford Motor Company which is also a Delaware corporation. The incident that gave rise to this lawsuit involved an electric scooter accident that occurred on July 8, 2021. At this time, Defendant owned and operated Spin, an "app-based electric scooter-sharing company." ECF No. 10 at 2.

Spin was first incorporated as Skinny Labs, Inc. around October 2016. Mike Colias & Eliot Brown, *Ford Buys Electric-Scooter Startup, Looking to Diversify Beyond Autos*, THE WALL STREET J. (Nov. 8, 2018), https://www.wsj.com/articles/ford-buys-electric-scooter-startup-looking-

---

[1]This summary of facts is drawn from the operative complaint, ECF No. 10, as required at this stage. *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996) ("[W]hen dismissing a complaint for failure to state a claim under Rule 12(b)(6), the district court may not look to materials beyond the pleading itself." (citing Fed. R. Civ. P. 12(b) and *Fleischfresser v. Dirs. of Sch. Dist. 200*, 15 F.3d 680, 684 & n.8 (7th Cir. 1994))). Citations thereto are mostly omitted, except where the Court quotes directly from the complaint. Facts not relevant to the pending motion are also omitted.

In addition to the amended complaint itself, the Court also draws certain facts from several articles referred to by the complaint. ECF No. 10 at 2–3; *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017) ("When ruling on a motion to dismiss, the court may consider 'documents . . . attached to the complaint [and] documents central to the complaint and . . . referred to in it . . . .'" (quoting *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013))). Citations to the articles referred to in the complaint are included. While the Court cites these articles for context in analyzing the parties' arguments, it ultimately finds that it cannot rely upon any assertions therein for the purposes of the instant motion. *See infra* Section 4.1.3.

to-diversify-beyond-autos-1541653260 (last visited Mar. 28, 2025). Defendant then acquired Spin in 2018. *Id.* Spin was marketed as "the micromobility unit of Ford Motor Company." *Ford-Owned Spin Expands to Portugal*, FORD NEWSROOM (Sept. 7, 2021), https://www.wsj.com/articles/ford-buys-electric-scooter-startup-looking-to-diversify-beyond-autos-1541653260 (last visited Mar. 28, 2025).

Plaintiff alleges that, "[a]t all times relevant, Defendant . . . owned and was engaged in the business of operating, maintaining, and otherwise distributing the subject scooters, including in the Milwaukee metropolitan area." ECF No. 10 at 4. Plaintiff also alleges that Defendant was the "manufacturer, lessor, distributor, marketer, and supplier of the subject scooters . . . ." *Id.* at 6.

On July 8, 2021, Plaintiff was riding a Spin electric scooter when it suddenly jerked to a stop, causing Plaintiff to fall and severely break her right ankle. Plaintiff has subsequently undergone three surgeries and additional medical care, at the cost of more than $270,000.00.

Plaintiff alleges that the subject scooter was defectively designed and manufactured and that it was negligently and improperly maintained. She further alleges that Defendant knew or should have known these things, and that as a result the scooter posed a serious safety risk to Plaintiff and the public. Defendant further represented to customers that its scooter was safe and failed to warn consumers that it was unsafe due to its condition and defects.

After Plaintiff's accident, around March 2022, Defendant sold Spin to Tier Mobility. Sam Shead, *Ford sells e-scooter division to SoftBank-backed European rival*, CNBC (Mar. 2, 2022), https://www.cnbc.com/2022/03/02/ford-sells-e-scooter-division-spin-to-

softbank-backed-tier-mobility.html [https://perma.cc/7XXD-92LE] (last visited Mar. 28, 2025). This article also calls the sale a "merger" and labels Spin "a 100% subsidiary of Ford." *Id.* Tier Mobility then sold Spin to Bird Global, Inc. ("Bird")[2] in September 2023. Rebecca Bellan, *Bird acquires Spin scooters from Tier from $19M*, TECHCRUNCH (Sept. 19, 2023), https://techcrunch.com/2023/09/19/bird-acquires-spin-scooters-from-tier-for-19m/ [https://perma.cc/HC3Z-T8NG] (last visited Mar. 28, 2025). In December 2023, Bird commenced a Chapter 11 bankruptcy proceeding. *In re Bird Global, Inc. et al.* (Bankr. S.D. Fla. No. 23-20514-CLC) ("Bird Bankruptcy").

**4.     ANALYSIS**

Defendant moves to dismiss the amended complaint in its entirety, arguing that (1) Plaintiff has not—and could not, in any instance—state a claim against it under any of the potentially applicable theories of liability, and (2) Plaintiff has not established personal jurisdiction over it. Plaintiff responds that she has adequately pled her claims against Defendant, and that she has made a prima facie showing of personal jurisdiction. Plaintiff further argues that this case should, at most, be stayed due to the allegedly relevant ongoing Bird Bankruptcy, which the Defendant says is yet another reason to dismiss this case. The Court will address each argument in turn.

### 4.1     Liability Against Ford Next LLC

Defendant argues that Plaintiff's claims must be dismissed because it is "not a proper defendant because its only alleged connection to the underlying facts is its ownership of the separate legal entity, Skinny Labs,

---

[2]For the purposes of this Order, "Bird" shall collectively refer to Bird Global Inc., Bird Rides, Inc.; Bird US Holdco, LLC; and Bird US Opco, LLC. *See* ECF No. 10 at 3.

Inc. [also known as Spin]—the entity that actually 'manufactured and maintained' Spin scooters."[3] ECF No. 17 at 1 (quoting ECF No. 10 at 3). Defendant argues that (1) Plaintiff's "predecessor in interest" theory of vicarious liability is contrary to law and, in any instance, inapplicable, *id.* at 7–10; (2) Plaintiff has failed to allege that Defendant pierced the corporate veil and is thus liable for Spin's actions, *id.* at 4–6; and (3) Defendant was merely a parent company of Spin and is therefore not liable for its alleged wrongs, *id.* at 3–4. The Court will address each argument in turn.

### 4.1.1 Predecessor-in-Interest Liability

The amended complaint alleges that Defendant "is the predecessor-in-interest of the subject scooter and is therefore liable for Plaintiff's harms and losses."[4] ECF No. 10 at 3–4 (citing *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985); Claiborne Barksdale, *Successor Liability Under the National Labor Relations Act and Title VII*, 54 TEX. L. REV. 707, 730–34 (1976); *Leannais v. Cincinnati, Inc.*, 565 F.2d 437, 439 (7th Cir. 1977); and *Springer v. Nohl Elec. Prods. Corp.*, 912 N.W. 2d 1, ¶ 37 (Wis. 2018)). Plaintiff expounds

---

[3]The Court notes that while Defendant uses the name "Skinny Labs, Inc." to describe what it represents as its subsidiary company that operated the Spin scooter sharing app, the amended complaint differs in its description, merely stating that Spin was first "incorporated as" Skinny Labs, Inc., then was later acquired by Defendant. ECF No. 10 at 3. Because it is unclear from the amended complaint whether Skinny Labs, Inc. maintained its status as a legal entity and name when it was acquired by Defendant, the Court will use the term Spin in this Order to refer to the scooter-sharing app and related business.

[4]As Defendant points out, Plaintiff cites caselaw about the "successor-in-interest" theory of liability but does not clearly establish why this law supports her position that Defendant is liable as an alleged "predecessor-in-interest." *See* ECF No. 17 at 7; *see generally* ECF No. 19; *see also* ECF No. 18 at 20, n.3 (Plaintiff's explanation that seems merely to support why successors to Defendant are *not* liable as successors-in-interest, rather than why Defendant *is* liable under the novel predecessor-in-interest theory).

in her opposition brief that "[a]s the predecessor owner/operator [of Spin] during [Plaintiff]'s injuries, she alleges Defendant remains liable for her damages." ECF No. 19 at 6. Defendant argues that holding a predecessor-in-interest liable is an unprecedented novel legal theory that it is not applicable in any instance, because Defendant was merely a shareholder of Spin and was therefore never liable for its alleged wrongdoings. ECF No. 17 at 7–10.

Plaintiff chose not to brief the legal basis of her predecessor-in-interest theory in her opposition brief. *See generally* ECF No. 19; *see also id.* at 5 (asserting only that discovery is needed to support Plaintiff's "predecessor-in-interest" theory), 6–7 (mentioning that the predecessor-in-interest theory is relevant to the Bird Bankruptcy). But the Court is skeptical of this theory. Her complaint alleges that Defendant was the "manufacturer, lessor, distributor, marketer, and supplier of the subject scooters" *at the time* that Plaintiff was injured, ECF No. 10 at 4 and 6, but the successor-in-interest theory upon which Plaintiff relies cannot be alleged against a direct tortfeasor. *Springer,* 912 N.W. 2d at ¶ 37 (Plaintiff "ha[s] the burden of alleging facts sufficient to reveal that she was pursuing [the defendant] not as the tortfeasor itself, but as the successor to the tortfeasor. . . . [F]acts that are sufficient to support a claim against the tortfeasor are unlikely to be sufficient to support a claim of successor liability."). Ultimately, the Court need not rely on the predecessor theory of liability to decide the motion, *see infra* Section 4.1.3.

As for Defendant's argument that it was merely a shareholder of Spin and not, in fact, a successor or predecessor to whom liability may attach, nothing in the pleadings makes this clear. *See infra* Section 4.1.3. Additionally, to the extent Defendant argues that the type of sale through

Page 7 of 19
Case 2:24-cv-00813-JPS   Filed 03/28/25   Page 7 of 19   Document 22

which it acquired Spin shows it cannot be held liable under this theory, again, nothing in the pleadings discusses the type of acquisitions and sales of Spin with any specificity. *See generally* ECF No. 10; *see also* ECF No. 17 at 8 (arguing that the successor-in-interest theory only applies to asset sales rather than stock sales). Because the Court lacks information to adequately analyze this theory, and because it need not rely upon this theory to determine the instant motion, it will leave this issue for a later time, should it become relevant.

### 4.1.2 Veil-Piercing

Defendant contends that, because Plaintiff's predecessor-in-interest theory has no legal merit and is inapplicable as a factual matter, and because Defendant cannot be held directly liable for the alleged wrongdoings of its subsidiary company, Spin, Plaintiff must allege that Defendant pierced Spin's corporate veil to find Defendant liable. ECF No. 17 at 4. Defendant further contends that Plaintiff has not alleged that it pierced the corporate veil, and her claims must accordingly be dismissed. *Id.* at 4–6. Plaintiff concedes that she did not plead a veil-piercing theory. ECF No. 21 at 6 (citing ECF No. 19 at 5). The Court will defer this issue to another time, because it need not rely upon a veil-piercing theory to decide the motion to dismiss, *see infra* Section 4.1.3, and there are not enough facts to properly analyze it at this time. As Plaintiff recognized in her response brief, ECF No. 19 at 5, she would need to amend her complaint to allege a veil-piercing theory, but because the Court is staying the case she may not do so at this juncture.

### 4.1.3 Direct Liability

Defendant argues that it may not be held liable for the actions of Spin, its subsidiary corporation, and urges the Court to "disregard

[Plaintiff]'s conclusory attempts to conflate [Defendant] with [Spin]." ECF No. 17 at 3. According to Defendant, Plaintiff "alleges that [Defendant] 'owned and operated' [Spin], and from that fact alone, she concludes that . . . [Defendant] 'was engaged in the business' activities that [Spin] engaged in, like designing, manufacturing, operating, and maintaining 'Spin' scooters." *Id.* (quoting ECF No. 10 at 3–6; additional citation omitted). Plaintiff insists, however, that the amended complaint lays out claims of direct liability against Defendant. ECF No. 19 at 1 (citing ECF No. 10 at 4–9).

The amended complaint alleges that Defendant manufactured, distributed, marketed, supplied, and maintained Spin scooters. ECF No. 10 at 4 and 6. At this point, the Court has no way to determine the basis for these allegations, but nevertheless it must accept them as true. *Kubiak*, 810 F.3d at 480–81. Defendant instead urges the Court to "disregard" these allegations. ECF No. 17 at 3. The Court will do no such thing. Because it must accept as true Plaintiff's claims that Defendant manufactured, distributed, and maintained Spin scooters, the Court finds that Plaintiff has alleged a plausible claim for direct liability against Defendant.[5] *See Janusz v. Symmetry Med. Inc.*, 256 F. Supp. 3d 995, 1000 (E.D. Wis. 2017) ("Under Wis. Stat. § 895.047(1), a manufacturer is strictly liable when a product contains a manufacturing defect, is defective in design, or is defective because of

---

[5]The fact that Plaintiff provided no law or analysis in her opposition brief to support that her specific claims—strict liability and negligence—were sufficiently pled is striking. *See* ECF No. 19 at 3–5. While Plaintiff, as the non-moving party, does not bear the burden here, it is still inappropriate to completely omit the law governing her claims. "Underdeveloped arguments that are unsupported by appropriate authority . . . are generally deemed waived." *Amber N.L. v. Kijakazi*, No. 2:20-CV-461, 2022 WL 214481 (N.D. Ind. Jan. 25, 2022) (collecting cases).

inadequate instructions or warnings."); *Burton v. Am. Cyanamid*, 334 F. Supp. 3d 949, 957 (E.D. Wis. 2018) (noting that under Wisconsin law "a product is defective based on a failure to adequately warn when an intended use of the product is dangerous, but the manufacturer did not provide sufficient warning or instruction." (quoting *Godoy v. E.I. du Pont de Nemours and Co.*, 768 N.W. 3d 674, ¶ 29 (Wis. 2009))); *Burton*, 334 F. Supp. 3d at 958 ("Courts applying Wisconsin law have often stated that, though failure-to-warn claims may sound in negligence or in strict liability, the proof requirements of the claims are essentially the same." (citing *Lemmerman v. Blue Cross Blue Shield of Wis.*, 713 F. Supp. 2d 791, 811 (E.D. Wis. 2010))); *see also* ECF No. 18 at 21–22 (joint jury instructions regarding negligence but citing no law in support thereof); *id.* at 24–25 (joint jury instruction on product liability but citing no law in support thereof).[6]

Defendant further argues that Plaintiff "failed to allege a single fact tending to show that [Defendant] had any involvement in the design, manufacture, distribution, or maintenance of 'Spin' scooters," and that "[a]fter disregarding her conclusory allegations, all that remains is [Defendant's] former ownership of [Spin]'s stock." ECF No. 17 at 4. At the pleading stage, however, the Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is

---

[6] "A federal court sitting in diversity must apply the choice of law rules of the forum state." *Cowley v. Abbot Laby's, Inc.*, 476 F. Supp. 2d 1053, 1057 (W.D. Wis. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). "Under Wisconsin law, the 'first rule' in the choice-of-law analysis is 'that the law of the forum should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance.'" *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Gillette*, 641 N.W.2d 662, ¶ 51 (Wis. 2002) (internal quotation marks omitted)). Because the Court, at this stage, has no reason to believe that another forum has contacts of greater significance than those of Wisconsin, it will apply Wisconsin law herein.

plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's claims have met that plausibility standard here; adopting Defendant's argument would require further factual development, which is not the present posture of the case. Notably, the only case Defendant cited to support that Plaintiff's pleading is insufficient was one that was converted to a motion for summary judgment regarding the defendant's corporate structure because the parties both submitted "various affidavits and declarations" in their briefing. ECF No. 17 at 4; *Martinez v. E.I DuPont De Nemours and Co., Inc.*, 82 A.3d 1, 12–13 (Del. 2012) ("[F]actual issues involving the ownership and corporate structure of the various entities in this dispute, and issue involving control and management of [employer at issue] will be considered pursuant to the summary judgment standard.").

        Both parties also discuss the contents of the various articles Plaintiff cites to, and partially relies upon, in her complaint. Plaintiff argues that one article she cites supports that Defendant held out Spin to the public as "the micromobility unit of Ford Motor Company" and that Defendant acquired Spin to diversify its own business. ECF No. 19 at 4 (citing ECF No. 10 at 2, n.1 and 3, n.3). Defendant claims that the articles show that Spin was a separate company and that Defendant merely owned Spin—or Skinny Labs, LLC—which was the party that really contracted with Plaintiff. ECF No. 21 at 4–5. And, while Defendant failed to mention this, one article seems to support its argument about Spin and Defendant's corporate structure, stating that Spin was a 100% subsidiary of Ford.[7] Shead, *supra* Section 3.

---

[7] The article does not, however, distinguish between Ford Motor Company and Defendant, Ford Next LLC. *See* Shead, *supra* Section 3.

While the Court ordinarily may not consider documents outside of the pleading itself when considering a motion to dismiss, *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 803 (N.D. Ill. 2022) (citing *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)), it may consider "documents that are central to the complaint and are referred to in it," *Williamson*, 714 F.3d at 436 (collecting cases). It is appropriate for a court to consider documents that are referred to in a complaint when the plaintiff has, "to some degree, relied on their contents as support for her claims." *Id.* (citation omitted). This is especially true "when the respondent relies on the documents and does not indicate that 'the documents are not genuine or that they are falsified in some way.'" *Jadin v. Ward MFG*, No. 19-CV-1819, 2020 WL 5118014, at *3 (E.D. Wis. Aug. 31, 2020) (quoting *Williamson*, 714 F.3d at 436); *id.* ("This narrow exception 'prevents a plaintiff from evading dismissal under Rule 12(b)(6) simply by failing to attach to [her] complaint a document that prove[s] [her] claim has no merit.'" (quoting *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 690, 690 (7th Cir. 2012)). However, a document that is referenced in a complaint but is not central to it should not be considered by the Court. *See Stietz v. Frost*, No. 19-cv-43-wmc, 2020 WL 3869474, at *2 (W.D. Wis. July 9, 2020) (noting that the plaintiff's claims stood on their own without reference to the document at issue) (citing *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449 (7th Cir. 1998) and *EEOC*, 496 F.3d at 779). Ultimately, the decision of whether to consider outside documents and whether to convert a motion to dismiss into one for summary judgment is discretionary for the Court. *Patterson*, 593 F. Supp. 3d at 804 (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009)).

The articles Plaintiff cites in her complaint do not appear to be central to her claims; rather, they are merely support for the history of ownership

behind Spin. *See* ECF No. 10 at 2–3. To the extent, then, that any contents of the articles are inconsistent with Plaintiff's pleading—for example, the statement that Spin was a 100% subsidiary of Ford—the Court will disregard them. *Williamson*, 714 F.3d at 436 (in considering a motion to dismiss, a court may consider "documents that are *central* to the complaint and are referred to in it") (emphasis added) (collecting cases). Further, even if the Court were to consider that inconsistent statement, one statement in one article that Plaintiff cites for other language is not sufficient to demonstrate that Plaintiff's claims are not plausible and must be dismissed as a matter of law. *Kubiak*, 810 F.3d at 480–81 (on a motion to dismiss, the court must "draw all reasonable inferences in favor of the plaintiff") (citing *Tamayo*, 526 F.3d at 1081).

### 4.1.4 Conclusion

As stated earlier, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of h[er] claim that would entitle h[er] to the relief requested." *Enger*, 812 F.3d at 568 (quoting *R.J.R Servs., Inc.*, 895 F.2d at 281). Because Plaintiff states a plausible claim that Defendant manufactured, operated, distributed, and maintained Spin scooters and is therefore directly liable for her alleged injury, the Court will not dismiss her complaint on the grounds of failure to state a claim. As for Plaintiff's other potential theories of liability, the Court will not dismiss them at this juncture because it lacks sufficient facts or briefing to rule on them here.

### 4.2 Personal Jurisdiction

Defendant argues that the amended complaint fails to establish personal jurisdiction over Defendant and that allowing Plaintiff's claims to

proceed would violate due process. ECF No. 17 at 11–12. In response, Plaintiff argues first that Defendant failed to comply with the Court's protocols for jurisdictional motions to dismiss and urges the Court to disregard the argument on that ground; she further argues that she has adequately pled personal jurisdiction such that there is no due process violation. ECF No. 19 at 8–11.

The Court does not reach the merits of Defendant's due process argument here because Plaintiff correctly pointed out that Defendant failed to comply with the Court's protocols for jurisdictional motions to dismiss. The Court's Pretrial Procedures Order specifically requires that

> [f]or **jurisdictional motions to dismiss** . . . , the parties must meet and confer and provide a single *narrative* statement of agreed-upon facts in paragraph form addressing the jurisdictional issue. . . . If any facts pertaining to jurisdiction are in dispute, each party may submit a set of itemized disputed facts.

ECF No. 3 at 4 (emphases in original). This protocol is to assist the Court in determining what set of facts applies to the jurisdictional motion, rather than trying to decipher disputed interpretations of the pleadings. Plaintiff also correctly noted that Defendant failed to make any mention of a jurisdictional argument in the parties' executive summary of the motion to dismiss, ECF No. 19 at 8 (citing ECF No. 14), despite being required to provide "[a] list of the legal issues and a 1–2 sentence summary of each party's arguments in support of and opposition thereto." ECF No. 3 at 3. Accordingly, the Court was unaware of Defendant's jurisdictional argument when it granted leave to file the motion to dismiss. Because Defendant failed to comply with the Court's protocols, it will disregard the jurisdictional argument at this juncture. *See, e.g.*, *Wilber v. City of Milwaukee*,

No. 23-CV-951-JPS, 2024 WL 5055029, at *1 (E.D. Wis. Dec. 10, 2024) (denying motions for failure to comply with the Court's protocols); *see also Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809–10 (7th Cir. 2005) (collecting cases and noting that district courts may enforce strict compliance with local rules and protocols).

### 4.3 The Bird Bankruptcy

In her opposition brief, Plaintiff argues that the Bird Bankruptcy proceedings that have stayed what she calls a "parallel lawsuit" call for a stay of this case. ECF No. 19 at 6–8 (citing Bird Bankruptcy and *Ryan v. Skinny Labs, Inc. doing business as Spin et al.*, Case No. 24-CV-814-JPS (E.D. Wis. Jul. 1, 2024)). Specifically, Plaintiff asserts that the bankruptcy proceedings "could . . . influence her claims against" Defendant by potentially necessitating a joinder of the actions or by impacting the damages calculations. *Id.* at 7. Plaintiff thereby requests[8] that the Court stay this action, pending the outcome of her claim(s) in the Bird Bankruptcy. *Id.*

Defendant opposes the stay, arguing that "[g]iven the deficiencies in [Plaintiff]'s claims and jurisdictional allegations, staying the case simply delays an inevitable dismissal," and a stay pending the outcome of the bankruptcy proceedings "could be lengthy." ECF No. 21 at 9. Defendant's arguments focus on Plaintiff's failure to meet her burden in showing that a stay is appropriate and otherwise rely on its position that dismissal is appropriate at this juncture. *Id.* at 9–11. Defendant also argues that the

---

[8]Defendant correctly notes that Plaintiff's request for a stay was procedurally improper, as she included it in her response brief to Defendant's motion to dismiss, rather than separately moving for such relief as required by Rule 7(b)(1). ECF No. 21 at 9, n.3 (citing Fed. R. Civ. P. 7(b)(1)). Because the parties have both had the opportunity to provide arguments related to the stay, however, the Court will treat it as a motion to stay.

bankruptcy proceedings provide additional reasons for dismissal of Plaintiff's claims against Defendant because, inter alia, "if she has a valid claim against Skinny Labs, Inc., its bankruptcy estate will make her whole." *Id.* at 11 (citing *Musikiwamba*, 760 F.2d at 749).

The granting of a stay "is the exception, not the rule." *CMB Exp., LLC v. Atteberry*, No. 4:13-cv-04051-SLD-JEH, 2014 WL 4099721, at *2 (C.D. Ill. Aug. 20, 2014) (quoting *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2005 WL 8179401, at *2 (N.D. Ill. July 15, 2005)). Therefore, "the party seeking the stay has the burden of demonstrating it is necessary." *Id.* (quoting *Hollinger Int'l, Inc.*, 2005 WL 8179401, at *2). Nevertheless, a court has "broad discretion in deciding whether to stay proceedings." *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) and *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

> Courts generally consider three factors in evaluating a motion to stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court."

*Doorage, Inc. v. Crum & Forster Specialty Ins. Co.*, No. 21 C 5173, 2022 WL 16573566, at *2 (N.D. Ill. Nov. 1, 2022) (quoting *Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15 C 5182, 2016 WL 47916, at *2 (N.D. Ill. Jan. 5, 2016)).

Consideration of these factors supports a stay of proceedings in this case. Here, the Court treats Defendant as the non-moving party because

Plaintiff is the one who requested a stay. *See supra* note 8. Defendant has not indicated that it would be unduly prejudiced or tactically disadvantaged by a stay. Indeed, while purportedly opposing the stay, Defendant makes several arguments to support it. Defendant argues that the outcome of the bankruptcy proceeding could conclusively demonstrate that Plaintiff has no valid claim against it. ECF No. 21 at 11. If Defendant is correct in any of its arguments that Plaintiff's claims are insufficient as a matter of law, then it is advantageous for Defendant to wait for the outcome of the bankruptcy proceedings before expending time and resources on discovery or further motion practice.[9] Further, because the underlying facts of this action and *Ryan v. Skinny Labs, Inc.* are identical and Plaintiff merely moves against different defendants for allegedly being responsible for her injuries, waiting for the outcome of the Bird Bankruptcy could simplify the issues in question. Further, whether Defendant is correct and the Bird Bankruptcy outcome could make it clear that Plaintiff has no valid claim against Defendant as a matter of law, or Plaintiff is correct and the proceedings could make it clear that consolidation of the cases is appropriate, it makes little sense for the parties to engage in discovery at this juncture. Staying the proceedings will allow both the parties and the Court to expend their resources in the most efficient manner once the outcome of the Bird Bankruptcy is determined.

    The Court is satisfied that staying proceedings in this case will conserve the resources of both the parties and the Court by avoiding further litigation efforts potentially obviated by the outcome of the Bird

---

[9] Defendant is already anticipating filing a motion related to these bankruptcy arguments. *See* ECF No. 21 at 10 n.5.

Page 17 of 19
Case 2:24-cv-00813-JPS     Filed 03/28/25     Page 17 of 19     Document 22

Bankruptcy. Accordingly, the Court will order that this case be stayed pending the resolution of Plaintiff's claim(s) in the Bird Bankruptcy. Plaintiff shall file a notice within fourteen days of the resolution of her claim(s) in the Bird Bankruptcy. Failure to do so will result in dismissal of this action without prejudice for failure to prosecute. Civ. L.R. 41(c).

The Court lastly notes that consolidation of this action with *Ryan v. Skinny Labs, Inc.* may prove appropriate in the future, depending on the outcome of Plaintiff's claim(s) in the Bird Bankruptcy. It is unclear to the Court why Plaintiff brought "parallel" actions, involving the same facts, against different defendants, but if the Court finds at a later juncture that consolidating would "save judicial resources" and "protect against the danger of the two proceedings reaching inconsistent results," it may consolidate the actions sua sponte, pursuant to Federal Rule of Civil Procedure 42. *Clark v. Lacy*, 376 F.3d 682, 687 (7th Cir. 2004).

5. **CONCLUSION**

For the reasons stated herein, the Court will deny Defendant's motion to dismiss and stay this matter pending the resolution of Plaintiff's claim(s) in the Bird Bankruptcy.

Accordingly,

**IT IS ORDERED** that Defendant Ford Next d/b/a Spin's motion to dismiss, ECF No. 16, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **STAYED** pending resolution of Plaintiff's claim(s) in *In re Bird Global, Inc. et al.* (Bankr. S.D. Fla. No. 23-20514-CLC);

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE** a notice when the stay may be lifted and the case administratively reopened; Plaintiff shall

file a notice within 14 days of the resolution of her claim(s) in the Bird Bankruptcy; failure to do so will result in dismissal of this action without prejudice for failure to prosecute; and

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** this matter.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge